# EXHIBIT A

# EXHIBIT A

# MOTION TO CONSOLIDATE
# (CASE NO. 2:21-CV-01507-JAD-DJA)

MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
WHITNEY L. WELCH-KIRMSE
Nevada Bar No. 12129
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:  (702) 792-3773
Facsimile:   (702) 792-9002
Email: ferrariom@gtlaw.com
          hendricksk@gtlaw.com
           welchkirmsew@gtlaw.com

*Counsel for Defendant Clark County School District ("CCSD")*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MONICA BRANCH-NOTO, individually and on behalf of JOHN DOE MINOR NO. 1, as guardian of said minor, TIFFANY PAULSON, individually and on behalf of JOHN DOES MINOR NO. 2 and JANE DOE MINOR NO. 1, as guardian of said minors,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, CLARK COUNTY SCHOOL DISTRICT, a public entity, DOES 1 Trough 100,<br><br>Defendants. | Case No. 2:21-cv-01507-JAD-DJA<br><br>**CLARK COUNTY SCHOOL DISTRICT'S MOTION TO CONSOLIDATE CASE NO. 2:21-cv-01507-JAD-DJA, CASE NO. 2:21-cv-01725-BNW and CASE NO. 2:21-cv-02036-GMN-BNW FOR ALL PURPOSES**<br><br>**[HEARING REQUESTED]** |

Clark County School District ("CCSD" or "the District"), by and through its undersigned counsel, GREENBERG TRAURIG, LLP, hereby submits this Motion to Consolidate *Branch-Noto, et al. v. Clark County School District, et al.* (Case No. 2:21-cv-01507-JAD-DJA) (the "Branch-Noto

1

Case"), *Burns, et al. v. Clark County School District, et al.* (Case No. 2:21-cv-01725-BNW) (the "Burns Case") and *Ruiz, et al. v. Clark County School District* (Case No. 2:21-cv-02036-GMN-BNW) (the "Ruiz Case") for all Purposes ("CCSD's Motion").

## INTRODUCTION

CCSD seeks this Court's assistance to consolidate three separate lawsuits all challenging the constitutionality of CCSD face mask requirement for students. These cases readily satisfy the requirements of Fed. R. Civ. P. 42(a) and LR 42-1(b) as their core legal and factual assertions are nearly identical. Moreover, consolidation will streamline discovery and remove the risk of inconsistent decisions. Because no discovery has been conducted in these cases, Plaintiffs cannot point to any prejudice related to consolidating these matters. CCSD's Motion should be granted and the matters consolidated in their entirety.

## BACKGROUND

As this court is aware, COVID-19 is an illness caused by a highly transmissible coronavirus that has been circulating in the U.S. since approximately January 2020.[1] On August 4, 2021, Governor Sisolak issued Emergency Order 048 ("EO48") which requires face coverings be worn in all public, charter, and private schools.[2] Pursuant to the Governor's Orders and CDC guidance, the District issued a Face Mask Policy for the start of the 2021 school year ("CCSD Policy"). CCSD's Policy states that face masks are required to be worn indoors, including all CCSD buildings, facilities, and on school busses by all individuals ages two and older. Three separate lawsuits were filed by CCSD students, their parents, and related parties challenging the constitutionality of CCSD's Mask Policy and contending the Policy is negligent and harmful to students. Plaintiffs in two of the lawsuits are represented by the same attorneys and in addition to suing CCSD, have named Governor Steven Sisolak ("Sisolak") and Attorney General Aaron Ford ("Ford") as defendants.

/ / /

/ / /

---

[1] Center for Disease Control, How Coronavirus Spreads | CDC (last accessed 10/4/2021), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html
[2] Declaration-of-Emergency-Directive-048.pdf (nv.gov) (8/4/2021), https://nvhealthresponse.nv.gov/wp-content/uploads/2021/08/Declaration-of-Emergency-Directive-048.pdf

2

ACTIVE 61400698v1

## I. THE BRANCH-NOTO CASE

On August 12, 2021 two parents, individually and on behalf of their minor children, filed a lawsuit against CCSD, Sisolak and Ford (Sisolak and Ford are collectively referred to as the "State Defendants") related to mask requirements in schools. Attorneys Sigal Chattah and Joseph Gilbert represent the Plaintiffs ("Branch-Noto Attorneys"). Plaintiffs' Complaint (ECF 1 at ¶12) purports to be a class action seeking to declare EO48 and the District's Policy unconstitutional and to enjoin these policies on behalf of all parents and students in the District. Specifically, the Branch-Noto Plaintiffs assert claims under 42 U.S.C. §1983 alleging that face mask requirements violate their Fifth, Ninth and Fourteenth Amendment rights afforded by the U.S. Constitution. *See* ECF 1. Compl. at ¶64, 65, 70, 78, 79. Plaintiffs also assert claims for negligence and intentional infliction of emotional distress claiming face masks cause mental and physical harm to students. *Id*. at ¶39, 87, 90, 105, 108, 109.

Currently pending are Plaintiffs' Emergency Motion for Preliminary Injunction (ECF 6), CCSD's Motion to Dismiss (ECF 13) and the State Defendants' Motion to Dismiss (ECF 17). This Court heard oral argument and took these matters under advisement on November 16, 2021 but has not rendered a decision on the motions (ECF 30). CCSD filed its Amended Notice of Related Cases on November 18, 2021 advising this Court of the Burns and Ruiz cases which CCSD seeks to consolidate with this action (ECF 31). No discovery plan and scheduling order has been submitted in this case and no discovery conducted by any party.

## II. THE BURNS CASE

On September 20, 2021 local activist Brandon Burns, who previously organized "Freedom of Choice" rallies to protest mask requirements in schools, filed a lawsuit pro se along with several CCSD parents and students against CCSD, its superintendent and its Board of Trustees. Similar to the Branch-Noto case, Plaintiffs here assert claims under 42 U.S.C. §1983 arguing the District's Mask Policy violates Plaintiffs' procedural and substantive due process rights under the 5th and 14th Amendments and violates a students' fundamental right to a safe public education. *See* Compl., ECF. 1 at pp. 7-10. While the State Defendants are not parties to this lawsuit, Plaintiffs nevertheless appear to challenge the governor's power to issue and enforce a mask mandate. *Id*. at 8:4-10; 12:19-22. Plaintiffs' theories are also largely based on the similar notion that wearing a face mask subjects

3

students to health risks that are "not offset by any scientifically provable benefits." *Id*. at pp. 8:1-2; 10. They also contend that requiring masks is practicing medicine without a license. *See* Exhibits to Complaint (ECF 1-1, p. 3). As a result, Plaintiffs seek to declare mask mandates unconstitutional and enjoin CCSD's Policy.

CCSD filed a Notice of Related Cases on November 18, 2021 advising Judge Navarro of the Branch-Noto and Ruiz cases (ECF 36). CCSD's deadline to respond to Plaintiffs' Complaint is December 13, 2021. No motions are currently pending in this case. No discovery plan and scheduling order has been submitted and no discovery conducted by any party.

### III. THE RUIZ CASE

On October 22, 2021, the Branch-Noto Attorneys filed an nearly identical lawsuit against CCSD and the State Defendants in state court with different parent and CCSD student Plaintiffs. *See* Compl. (Ex. A. to ECF 1). Like the Branch-Noto case, Plaintiffs seek to declare EO48 and the District's Policy unconstitutional and to enjoin these policies on behalf of all parents and students in the District. *See* ECF 1 at ¶5, 44, 49. Specifically, the Ruiz Plaintiffs assert claims under 42 U.S.C. §1983 alleging that face mask requirements are medical decisions which violate procedural and substantive due process. *Id.* at ¶44, 52, 95. Plaintiffs also assert claims for negligence and intentional infliction of emotional distress claiming face masks cause mental and physical harm to students. *Id*. at ¶82, 105.

CCSD and the State Defendants removed the Ruiz case to Federal Court on November 10, 2021 (ECF 1). On November 15, 2021, Plaintiffs filed a Motion to Remand the case back to state court. (ECF 7). Defendants' response to that Motion is due on November 29, 2021. CCSD submits there is no merit to the Motion given Plaintiffs' Complaint explicitly seeks relief pursuant to various federal statutes related to violation of federal constitutional rights. CCSD filed its Amended Notice of Related Cases on November 18, 2021 advising Judge Navarro of the Branch-Noto and Burns cases (ECF 8). No discovery plan and scheduling order has been submitted in this case and no discovery conducted by any party.

///

///

ACTIVE 61400698v1

**ARGUMENT**

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The district court has broad discretion under this rule to consolidate cases pending in the same district. *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989).

Courts frequently consolidate actions involving the same defendants. *Shannon v. Hansen*, 960 F.2d 152 (9th Cir. 1992) (granting consolidation of cases involving mail censorship in the same prison mailroom by the same people according to the same regulations); *Owen v. Labor Ready Inc.*, 146 F. App'x 139, 140–41 (9th Cir. 2005) (granting consolidation of two separate actions by employees against the same employer alleging violation of Fair Labor Standards Act); *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995 ) (granting consolidation of cases where both alleged that a city's jail officials were deliberately indifferent to Plaintiffs' medical needs). Likewise, consolidation is appropriate here where the Plaintiffs are suing the same or similar defendants for mandating the use of face coverings in school.

**I. THE BRANCH-NOTO, BURNS AND RUIZ CASES POSE COMMON QUESTIONS OF LAW AND FACT**

When deciding whether to consolidate cases, the threshold question for the court to answer is whether the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a) and LR 42-1(b). As this Court stated, "[c]onsolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required, so long as there is some commonality of issues." *Zimmerman v. GJS Grp., Inc.*, 2018 WL 1512603, at *1 (D. Nev. Mar. 27, 2018)(quoting *Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590 at *2 (D. Nev. 2012)).

Here, consolidation is proper because all three cases allege similar claims and damages against similar or same defendants regarding the same policy. Specifically, the following commonalities are present in all three cases:

- The Plaintiffs are parents, CCSD students or related parties.

5

- Plaintiffs' claims arise from the State Defendants and CCSD's mask requirement in schools which took effect August 2021 in response to high transmission of COVID-19 in Clark County.

- Plaintiffs assert claims under 42 U.S.C. §1983 based on allegations that such policies violate a constitutional right to receive public education and to make medical decisions for oneself or their child.

- Plaintiffs contend they were not afforded due process prior to the mask requirements taking effect.

- Plaintiffs' state law theories are based on allegations that mask wearing has caused Plaintiffs physical and mental harm.

- The Defendants are state actors who enacted the mask requirements which impact students enrolled in the District (e.g. CCSD and/or the State Defendants).

- The lawsuits seek injunctive and declaratory relief regarding state actors' authority to require that students wear masks.

- Plaintiffs are either represented by or are consulting with the Branch-Noto Attorneys.

The foregoing commonalities of legal and factual issues demonstrate why consolidation is appropriate.

## II. CONSOLIDATION WILL AID THE EFFICIENT AND ECONOMIC DISPOSITION OF THESE ACTIONS WITHOUT CAUSING PREJUDICE

If the court determines that common questions of law or fact are present, the court must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation is appropriate to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." *E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir.1998).

Here, consolidation of these related matters will promote judicial economy. First, due to the recent motion practice, this Court is already familiar with the core legal and factual issues presented by these cases. Second, consolidation will avoid duplication in discovery which will be nearly identical in all three cases.

///

///

6

     Moreover, Plaintiffs cannot demonstrate that consolidation will cause them to be prejudiced. Because discovery has not begun, consolidation at this stage will not delay adjudication, but instead will reduce duplication and minimize costs for all parties.

## CONCLUSION

     This Court should consolidate the Branch-Noto, Burns and Ruiz cases based on the overlapping questions of law and of fact and in the interests of judicial economy and efficiency under FRCP 42(a). CCSD respectfully requests this Court grant the Motion to Consolidate.

     DATED this 24th day of November 2021.

                                      **GREENBERG TRAURIG, LLP**

                                      By: */s/ Whitney L. Welch-Kirmse*
                                            Mark E. Ferrario (Bar No. 1625)
                                            Kara B. Hendricks (Bar No. 7743)
                                            Whitney L. Welch-Kirmse (Bar No. 12129)
                                            10845 Griffith Peak Drive, Suite 600
                                            Las Vegas, Nevada 89135
                                            *Attorneys for Defendant Clark County School District*

# CERTIFICATE OF SERVICE

I hereby certify that on **November 24th, 2021**, I caused a true and correct copy of the foregoing **CLARK COUNTY SCHOOL DISTRICT'S MOTION TO CONSOLIDATE CASE NO. 2:21-cv-01507-JAD-DJA, CASE NO. 2:21-cv-01725-BNW and CASE NO. 2:21-cv-02036-GMN-BNW FOR ALL PURPOSES** to be electronically filed with the Clerk of the Court using the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Evelyn Escobar-Gaddi
An employee of GREENBERG TRAURIG, LLP