MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
WHITNEY L. WELCH-KIRMSE
Nevada Bar No. 12129
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email:      ferrariom@gtlaw.com
            hendricksk@gtlaw.com
            welchkirmsew@gtlaw.com

*Counsel for Defendants Clark County School District ("CCSD"),
Lola Brooks; Linda P Cavazos; Irene A Cepeda; Danielle Ford;
Evelyn Garcia Morales; Liza Guzman; Dr. Jesus F. Jara; and Katie Williams
(collectively the "CCSD Defendants")*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON BURNS; SHARELLE MENDENHALL; 18 minors by and through their parents, WENDY PRICE; AMY McKAY; TINA SPENDLOVE; KELLY CAMPIS, LAZARO CAMPIS; ANDREA MILLER-PEWSEY; WALTER MATUSZYK, LEIGH MADDOX; KATIE PARNCUTT; DEANNA GLAZA; BRIAN COOK; AND BONNIE TAYLOR,<br><br>                    Plaintiffs,<br><br>    v.<br><br>CLARK COUNTY SCHOOL DISTRICT BOARD OF EDUCATION; DR. JESUS F. JARA, in his official capacity as Superintendent of the Clark County School District; LINDA P. CAVAZOS, IRENE A CEPEDA, EVELYN GARCIA MORALES, LOLA BROOKS, DANIELLE FORD, LIZA GUZMAN, KATIE WILLIAMS, all in their individual capacities and in their capacities as members of the Clark County School District Board of Education,<br><br>                    Defendants. | CASE NO. 2:21-cv-01725-GMN-BNW<br><br>**DEFENDANTS' MOTION TO DISMISS COMPLAINT [ECF NO. 1]**<br><br>**ORAL ARGUMENT REQUESTED** |

1

Clark County School District ("CCSD"), Lola Brooks; Linda P Cavazos; Irene A Cepeda; Danielle Ford; Evelyn Garcia Morales; Liza Guzman; Dr. Jesus F. Jara; and Katie Williams (collectively the "Defendants"), by and through their undersigned counsel, GREENBERG TRAURIG, LLP, hereby submit this Motion to Dismiss Plaintiffs' Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

This action should not survive past the pleading stage because there is no legal or factual basis to challenge the constitutionality of CCSD's current policy requiring all students, staff and visitors to wear face masks indoors—a policy that follows federal and state guidance in an effort to mitigate the spread of COVID-19.  Likewise, the allegation that masks cause legally cognizable harm to students is demonstrably false based on publicly available information from the Centers for Disease Control and Prevention ("CDC"), the American Academy of Pediatrics ("AAP"), the U.S. Department of Education ("DOE") and elsewhere.

Indeed, the Plaintiffs here, who are parents and related parties, dislike CCSD's Policy because they believe masks are uncomfortable, inconvenient and incorrect.  While Plaintiffs are entitled to their personal beliefs, it does not give them a basis to sue Defendants.  School districts have discretion to implement a wide range of school policies such as those related to dress code, curriculum and safety, which the Ninth Circuit had made clear do not violate students' constitutional rights.  This is because individuals do not have a federal constitutional right to have the State affirmatively provide an education in any particular manner.  Notably, even if a constitutional right was implicated by CCSD's Policy, there is no question that CCSD's Policy is rationally related to the legitimate interest in mitigating the spread of COVID-19 and is therefore constitutional.  Moreover, the temporary inconveniences and potential risks Plaintiffs allege could possibly arise from mask wearing are not sufficient to establish a constitutional injury.  Accordingly, Plaintiffs' constitutional claims cannot survive. Plaintiffs other federal claim alleges violation of 18 USC § 245; however, this is a criminal statute with no private right of action.  Plaintiffs' First, Second, Fourth and Fifth Causes of Action arising under federal law must be dismissed.

/ / /

2

Plaintiffs' other theories are equally deficient and do not support claims under state law. Plaintiffs' Third Cause of Action alleges that Defendants committed extortion by threatening to remove students from school if they did not wear a mask. Because NRS 205.320 is a criminal statute with no private right of action, this claim fails. Plaintiffs' Sixth Cause of Action seeks to impose liability on Defendants for the way they responded to letters and/or concerns voiced by Plaintiffs and other unidentified individuals during CCSD board meetings. Although Plaintiffs title this claim a "Failure to Respond", Plaintiffs do not identify a specific action, related legal theory or law that would impose liability on CCSD. Accordingly, because Plaintiffs' "Failure to Respond" claim is not a recognized cause of action, it must be dismissed.

In addition to the foregoing, Plaintiffs' claims against CCSD's Superintendent and Board of Trustees members (the "Individual Defendants") whom Plaintiffs sued in both their individual and official capacities, cannot proceed for several reasons. First, claims against these Individual Defendants in their official capacities are duplicative of claims against CCSD. Second, there are no allegations to suggest conduct outside of their official capacities to support personal liability. Third, the doctrines of qualified and discretionary act immunity bars Plaintiffs' claims against the Individual Defendants. Therefore, the Individual Defendants should be dismissed from this action.

Finally, Plaintiffs lack standing to sue. Simply because an individual resides in Clark County does not provide grounds to sue CCSD. Therefore, Plaintiffs Brandon Burns and Sharelle Mendenhall, who allege to be concerned taxpayers only, must be dismissed. The remaining Plaintiffs purport to be parents suing on behalf of their minor children who currently attend school at CCSD. While these Plaintiffs likely satisfy the "real party in interest" element of standing, federal law requires that parents be represented by counsel to assert claims on behalf of minors. Accordingly, none of the Plaintiffs have standing to maintain the instant action.

## BACKGROUND

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). This rule does not apply to the incorporation by reference doctrine or judicial notice under

3

Federal Rule of Evidence 201. *Khoja*, 899 F.3d at 998. Here, Plaintiffs' Complaint makes purportedly factual assertions regarding issues which have been addressed by reputable sources as publicly available information. *See In re Restoration Robotics, Inc. Sec. Litig.*, 417 F.Supp.3d 1242, 1253 (N.D. Cal. 2019) (publicly available documents are subject to judicial notice). As such, the following information may be important for the Court's consideration.

## I.   CURRENT STATE OF THE COVID-19 PANDEMIC

COVID-19 is an illness caused by a highly transmissible coronavirus that has been circulating in the United States since approximately January 2020.[1] This virus is spread by breathing air close to an infected person or touching eyes, nose, or mouth with hands that are contaminated with the virus.[2] Those infected who can spread the virus include persons of any age who are symptomatic, asymptomatic and/or vaccinated.[3] While people with COVID-19 have a wide range of symptoms from mild to severe, the most common are fever, chills, cough, fatigue and difficulty breathing.[4] As of November 29, 2021, the United States has reported a total of 48,106,615 confirmed cases of COVID-19 and 776,070 related deaths.[5] Clark County has consistently been a COVID-19 hot spot with 343,399 total confirmed cases of COVID-19.[6] And 46,501 of those cases have been children under seventeen (17) years of age.[7] The SNHD reports that 441 children have been hospitalized and 6 children have died from COVID-19.[8]

---

[1] Center for Disease Control, How Coronavirus Spreads | CDC (last accessed 11/29/2021), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html

[2] *Id.*

[3] Delta Variant: What We Know About the Science | CDC (last accessed 10/4/2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.htm

[4] Symptoms of COVID-19 | CDC (last accessed 10/4/2021), https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html

[5] CDC COVID Data Tracker; Home - Johns Hopkins Coronavirus Resource Center (jhu.edu) (last accessed 10/4/2021), https://coronavirus.jhu.edu/

[6] COVID-19 Case and Vaccine Data – Southern Nevada Health District | COVID-19 (last accessed 11/29/2021), http://covid.southernnevadahealthdistrict.org/cases/; COVID-19 United States Cases by County - Johns Hopkins Coronavirus Resource Center (jhu.edu) (last accessed 10/4/2021), https://coronavirus.jhu.edu/us-map

[7] *Id.*

[8] *Id.*

In July 2021, Delta became the predominant variant of the virus in the United States., with on average one (1) Delta infected person transmitting the virus to five (5) people.[9]   Recently, approval was given for children between the ages of 5 and 12 to receive the COVID-19 vaccine and the SNHD reports that approximately fifty-five percent (55%) of this age group is now vaccinated.[10]

## II.      TRANSMISSION OF COVID-19 IN CLARK COUNTY

As of November 29, 2021, the CDC lists community transmission in Clark County as "substantial" with a COVID-19 positivity rate of 7.76%.[11]   Likewise, a Report from the White House COVID-19 Team identified Clark County as a "sustained hot spot" meaning there is a higher risk for experiencing healthcare resource limitations.[12]   The SNHD reports approximately 2,000 new cases each week over the last several weeks.[13]

## III.     COVID-19 IN INDIVIDUALS UNDER 18

While Plaintiffs suggest that children are immune from COVID-19, that is unfortunately not what data shows.  While most children who become infected with COVID-19 have only a mild illness, the Mayo Clinic has linked Multisystem Inflammatory Syndrome in Children (MIS-C) to COVID-19 in some instances.[14]   The Southern Nevada Health District has reported 92 confirmed cases of MIS-C in Clark County.[15]

/ / /

/ / /

/ / /

---

[9] Center for Disease Control, Delta Variant: What We Know About the Science | CDC (last accessed 10/4/2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.htm

[10] COVID-19 Case and Vaccine Data – Southern Nevada Health District | COVID-19 (last accessed 11/29/2021), http://covid.southernnevadahealthdistrict.org/cases/

[11] CDC COVID Data Tracker (last accessed 11/29/2021), https://covid.cdc.gov/covid-data-tracker/#vaccinations_vacc-total-admin-rate-total

[12] COVID-19 Community Profile Report | HealthData.gov. (last accessed 10/4/2021), https://healthdata.gov/Health/COVID-19-Community-Profile-Report/gqxm-d9w9

[13] COVID-19 Case and Vaccine Data – Southern Nevada Health District | COVID-19 (last accessed 11/29/2021), http://covid.southernnevadahealthdistrict.org/cases/

[14] Multisystem inflammatory syndrome in children (MIS-C) and COVID-19 - Symptoms and causes - Mayo Clinic (last accessed 10/4/2021), https://www.mayoclinic.org/diseases-conditions/mis-c-in-kids-covid-19/symptoms-causes/syc-20502550

[15] COVID-19 Case and Vaccine Data – Southern Nevada Health District | COVID-19 (last accessed 11/29/2021), http://covid.southernnevadahealthdistrict.org/cases/

*ACTIVE 61698234v3*

1    According to the American Academy of Pediatrics, over 6.7 million children have contracted

2    COVID-19.[16]  Notably, over two million new pediatric cases were added nationwide since the start of

3    the school year in August 2021.[17]  The CDC has also reported that weekly COVID-19 associated

4    hospitalization rates among children and adolescents increased by five times since late June 2021 due

5    to the Delta variant and increased exposure to the virus at school.[18]

6    ## IV.    FEDERAL AND STATE GUIDANCE TO MITIGATE THE SPREAD OF COVID-19

7    ## IN SCHOOLS

8    Given the current vaccine coverage and high transmissibility of the Delta variant (and now,

9    Omicron which may be more resistant to vaccines), the scientific community recommends layered

10   prevention strategies to mitigate the spread of COVID-19.[19]  Mask wearing is important in

11   environments such as schools which bring people in close contact for prolonged periods.  Research

12   has shown that especially indoors where maintaining social distancing is difficult, **wearing a mask**

13   **reduces the spread of COVID-19**.[20]  More specifically, recent studies show that school districts

14   without a universal masking policy were 3 times more likely to have COVID-19 outbreaks.[21]  Masks

15   work because COVID-19 infection is primarily spread through exposure to respiratory droplets

16   exhaled by infected people when they breathe, talk, cough, sneeze or sing.[22]  Contrary to Plaintiffs'

17   opinions, research has also shown that mask wearing has no significant adverse health effects for

18   _____

19   [16] Children and COVID-19: State-Level Data Report (aap.org) (last accessed 11/29/2021),
     https://www.aap.org/en/pages/2019-novel-coronavirus-covid-19-infections/children-and-covid-19-state-level-
20   data-report/

     [17] *Id.*

21   [18] Hospitalizations Associated with COVID-19 Among Children and Adolescents — COVID-NET, 14
     States, March 1, 2020–August 14, 2021 | MMWR (cdc.gov) (last accessed 10/4/2021),
22   https://www.cdc.gov/mmwr/volumes/70/wr/mm7036e2.htm

23   [19]  Center for Disease Control, Delta Variant: What We Know About the Science | CDC (last accessed
     10/4/2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.htm

24   [20] Science Brief: Community Use of Cloth Masks to Control the Spread of SARS-CoV-2 | CDC (last accessed
     10/4/2021),    https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/masking-science-sars-
     cov2.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-
25   ncov%2Fmore%2Fmasking-science-sars-cov2.html. Multi-layer cloth masks can both block between 50-70%
     of exhaled respiratory particles and limit the forward spread of those that are not captured.

26   [21] Studies Show More COVID-19 Cases in Areas Without School Masking Policies | CDC Online Newsroom
     | CDC (10/21/2021), https://www.cdc.gov/media/releases/2021/p0924-school-masking.html.  The studies also
27   found that counties without masking requirements saw the number of pediatric cases increase twice as quickly
     during the two weeks following the start of the school year.

28   [22] *See* CDC data slides on the science of masking at http://www.cdc.gov.

6

wearers, including children.[23]   Universal indoor masking by all students, staff, teachers and visitors to K-12 schools regardless of vaccination status is recommended by the CDC,[24] the American Academy of Pediatrics,[25] the U.S. Department of Education,[26] and the Southern Nevada Health District[27] for schools in communities with high transmission levels of COVID-19 (like Clark County).

In July 2021, Governor Sisolak issued Emergency Order 047 ("EO47") in response to the climbing COVID-19 test positivity rate which reached over fifteen percent (15%) and updated guidance from the CDC recommending universal masking in schools for all students and staff, regardless of vaccination status.  EO47 required non-exempt individuals to cover their nose and mouth with a mask or face covering in a manner consistent with the guidance issued by the CDC.  Shortly thereafter, on August 4, 2021, Governor Sisolak issued Emergency Order 048 ("EO48") which requires face coverings in all public, charter, and private schools.[28]  The SNHD reports overall cases of COVID-19 have been decreasing since August 2021 when masks again were required.[29]

## V.    CCSD'S MASK POLICY

Directed by EO47 and aligned with guidance from the CDC, AAP, DOE and SNHD, the Clark County School District issued a Mask Policy for the start of the 2021 school year ("CCSD Policy"). Further, as a recipient of federal funds under the American Rescue Plan (ARP) Act, CCSD was

---

[23] *Id.*  Assessment of Respiratory Function in Infants and Young Children Wearing Face Masks During the COVID-19 Pandemic. - Abstract - Europe PMC (3/1/2021), https://europepmc.org/article/PMC/PMC7926283. Further, while some studies have found an increase in reports of difficulty breathing when exercising in face masks, no physiologic differences were identified.

[24] Guidance for COVID-19 Prevention in K-12 Schools | CDC (last accessed 10/4/2021), https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html

[25] COVID-19 Guidance for Safe Schools (aap.org) (last accessed 10/4/2021), https://www.aap.org/en/pages/2019-novel-coronavirus-covid-19-infections/clinical-guidance/covid-19-planning-considerations-return-to-in-person-education-in-schools/

[26] ED COVID-19 Handbook, Volume 1 (PDF) (last accessed 10/4/2021), https://www2.ed.gov/documents/coronavirus/reopening.pdf

[27] 20210729-Mask-Guidance.pdf (southernnevadahealthdistrict.org), https://media.southernnevadahealthdistrict.org/download/hot-topics/2021/20210729-Mask-Guidance.pdf

[28] Declaration-of-Emergency-Directive-048.pdf (nv.gov) (8/4/2021), https://nvhealthresponse.nv.gov/wp-content/uploads/2021/08/Declaration-of-Emergency-Directive-048.pdf

[29] 20210923-COVID-19-Trends-Clark-County-PUBLIC.pdf (southernnevadahealthdistrict.org) (9/23/2021), https://media.southernnevadahealthdistrict.org/download/COVID-19/updates/2021/September/20210923-COVID-19-Trends-Clark-County-PUBLIC.pdf

1  required by federal law to "adopt a plan for the safe return to in-person instruction and continuity of
2  services".[30]

3       Per CCSD's Policy, face masks are required to be worn indoors, including all CCSD buildings,
4  facilities, and on school busses by all individuals ages two and older regardless of vaccination status.[31]
5  Students actively exercising while at recess or in P.E. do not need to wear a face mask if activities are
6  taking place outdoors.  At the beginning of the school year, students were permitted to enroll in
7  distance learning as an alternative to in-person education.  Additionally, students who cannot safely
8  wear a mask due to a medical condition, can request an accommodation such as a plastic face shield.
9  Notably, Plaintiffs do not allege that any students were denied a reasonable accommodation despite
10 meeting requirements for the same.

11                                        **ARGUMENT**

12      Fed R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint for failure to state a claim
13 upon which relief can be granted.  To survive a motion to dismiss, a complaint must show a plaintiff's
14 entitlement to relief.  This "requires more than labels and conclusions, and a formulaic recitation of a
15 cause of action's elements will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1664-66
16 (2007).  Bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded
17 allegations, and will not suffice to defeat a motion to dismiss.  *See G.K. Las Vegas Ltd. Partnership*
18 *v. Simon Prop. Group, Inc.*, 460 F.Supp.2d 1246, 1261 (D. Nev. 2006); *see also Sprewell v. Golden*
19 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[W]here the well-pleaded facts do not permit the
20 court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not
21 'show[n]'–'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1590, (2009)
22 (quoting Fed.R.Civ.P. 8(a)(2)); *see Twombly*, 550 U.S. at 570 (A complaint that does not permit the
23 court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the
24 pleader is entitled to relief").

25  _____

26 [30]  21-007071-Letter-from-Secretary-Cardona-Tennessee.pdf (ed.gov); American Rescue Plan Elementary
   and Secondary School Emergency Relief - Office of Elementary and Secondary Education (8/18/2021),
27 https://oese.ed.gov/offices/american-rescue-plan/american-rescue-plan-elementary-and-secondary-school-
   emergency-relief/
28 [31] *See* CCSD's Mask Policy attached hereto as **Exhibit A**.

                                                8

1       Here, Plaintiffs' claims do not meet the standard set forth above and must be dismissed.

2 **I.      PLAINTIFFS LACK STANDING TO SUE.**

3       Plaintiffs Brandon Burns and Sharelle Mendenhall do not allege they have children who attend

4 CCSD.   Instead, they purport to have standing to challenge CCSD's Policy because they are

5 "concerned taxpaying citizens of Clark County." (Compl., p. 3:21).   However, these allegations do

6 not demonstrate standing.   While a lay person may appear pro se in certain circumstances, he or she

7 cannot enforce the rights of others.  *C.E. Pope Equity Tr. v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987).

8 Pro se plaintiffs must be a real party in interest to the action, or someone "who by substantive law has

9 the right sought to be enforced."  *Id.*  "[C]ourts have routinely adhered to the general rule prohibiting

10 pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."  *Simon v.*

11 *Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008).   Likewise, Courts in this Circuit

12 reject such attempts by pro se plaintiffs.  *See, e.g.*, *id*; *Prentice v. Daniels*, No. 2:21-cv-00369-JAD-

13 VCF, 2021 U.S. Dist. LEXIS 158659, at *3 (D. Nev. Aug. 20, 2021); *Hart v. Dillon*, No. 2:21-cv-

14 00750-APG-NJK, 2021 U.S. Dist. LEXIS 156822, at *2 (D. Nev. Aug. 19, 2021); *D'Amico v.*

15 *Huntington*, No. 2:21-cv-00796-APG-NJK, 2021 U.S. Dist. LEXIS 157732, at *2-3 (D. Nev. Aug. 19,

16 2021); *Chapman v. Bonneville Power Admin.*, No. C18-5569 BHS, 2020 U.S. Dist. LEXIS 84588, at

17 *9, 2020 WL 2473544 (W.D. Wash. May 13, 2020); *Gottlieb v. Alphabet Inc.*, No. 5:17-cv-06860-

18 EJD, 2018 U.S. Dist. LEXIS 72424, at *12, 2018 WL 2010976 (N.D. Cal. Apr. 30, 2018); *Pelletier v.*

19 *Rodriguez*, No. 17-cv-1809-BTM-JMA, 2018 U.S. Dist. LEXIS 163473, at *4,  2018 WL 4562752

20 (S.D. Cal. Sep. 21, 2018).

21       Here, Plaintiffs Brandon Burns and Sharelle Mendenhall do not allege facts to demonstrate

22 they are real parties in interest nor can they identify any right of theirs which CCSD's Policy infringes

23 upon.   All they have alleged is that they reside in Clark County, which is not sufficient to confer

24 standing each time something occurs at CCSD that Plaintiffs disagree with.   Accordingly, Plaintiffs

25 Burns and Mendenhall should be dismissed as parties.

26       Likewise, the remaining Plaintiffs who are parents of CCSD students and are asserting claims

27 on their children's behalf, cannot proceed unless they retain an attorney.  *Johns v. Cty. of San Diego*,

28 114 F.3d 874, 876 (9th Cir. 1997) (finding that a guardian or parent may not bring a lawsuit on behalf

of a minor in federal court without retaining a lawyer).  For constitutional claims, federal district courts have repeatedly dismissed cases, including cases involving due process claims, where parents filed an action pro se on behalf of their children and had no enforceable rights of their own.  *See e.g.*, *Spell v. Stone*, No. CV 19-5886 JGB(JC), 2019 U.S. Dist. LEXIS 134624, at *7, 2019 WL 3766558 (C.D. Cal. Aug. 8, 2019) (dismissing due process claim because parent cannot appear pro se on behalf of their child); *Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12-02950 CRB, 2013 U.S. Dist. LEXIS 29898, at *7-8, 2013 WL 812425 (N.D. Cal. Mar. 4, 2013) (same); *Evans v. Gilmore*, No. 15-cv-01772-MEJ, 2015 U.S. Dist. LEXIS 94995, at *11, 2015 WL 4463747 (N.D. Cal. July 21, 2015).

Based on the claims asserted by Plaintiffs on behalf of their minor children, no statutory exception applies to grant parents standing.  Furthermore, Plaintiffs have not alleged they are seeking to enforce any of their own legal rights.  As a result, the remaining Parent Plaintiffs do not have standing and should be dismissed as parties to this action.

## II.   PLAINTIFFS' CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW.

Pursuant to 42 U.S.C. §1983, Plaintiffs' First, Second and Fifth Cause of Action allege that Defendants violated Plaintiffs' 5th and 14th Amendment rights under the U.S. Constitution. Specifically, Plaintiffs argue CCSD's Mask Policy infringes on a student's constitutional right to attend school without exposure to health risks.  (Compl., 7:25-8:2).  Plaintiffs identify such health risks as "suffering an overall possible simultaneous drip in oxygen saturation of the blood."[32]  (Compl.,

---

[32] Plaintiffs appear to base their belief that masks cause harm on an article written in February 2021 by a "not-for-profit community interest association" that publishes opinion articles such as "Top Doctor Warns COVID Jabs Secretly Intended to Reduce the World's Population" and "The Nefarious and Hidden Agendas Behind Omicron".  (Compl., 10:12-26).  New Study Finds COVID Masks Harm Children's Physical & Mental Health | Principia Scientific Intl. (principia-scientific.com).  Ironically, the study that is cited to in the article (and relied on by Plaintiffs) is not based on scientific data.  Further, the study was published with the following editorial note:

> This study is based on a survey regarding the adverse effects of mask wearing in children. **Due to multiple limitations, this study cannot demonstrate a causal relationship between mask wearing and the reported adverse effects in children.**  Most of the respondents were parents, and the survey was distributed preferentially in social media forums that, according to the authors, "criticize the government's corona protection measures in principle".  The limitations of the study include sampling bias, reporting bias, and confounding bias as well as lack of a control group.  The use of masks, together with other precautionary measures, significantly reduces the spread of COVID-19 and is considered safe for children over the age of two years old.

Corona children studies "Co-Ki": First results of a Germany-wide registry on mouth and nose covering (mask) in children | Research Square

10

8:21-27).  Further, the Complaint alleges that students have a fundamental right to a public education in a safe and healthy environment.  (Compl., 9:15-18).  Because the Ninth Circuit does not recognize a constitutional right of students to direct school policy, actions based on legal theories similar to those asserted by Plaintiffs are consistently dismissed by the Ninth Circuit and others, with prejudice. Likewise, this Court should find the Complaint does not allege a violation of constitutional rights and dismiss Plaintiffs' federal claims with prejudice.

A.     **Plaintiffs Cannot Identify a Fundamental Constitutional Right that CCSD's Policy Violates.**

Plaintiffs contend students have a fundamental constitutional right to attend school without a mask during a global pandemic; however, there is no law to support Plaintiffs' theory.  Public education is not a right granted to individuals by the Constitution.  While education is vital to our society, individuals do not have a federal <u>constitutional</u> right to have the State affirmatively provide an education in any particular manner.  *See Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 458 (1988)(rejecting the proposition that education is a fundamental right which should trigger strict scrutiny).  Consistent with this precedent, the Ninth Circuit recently ruled that students do not have a constitutional right to in-person education. *Brach v. Newsom*, 20-56291 (9th Cir. July 23, 2021) (the Court upheld a district court ruling which rejected substantive due process claims of Plaintiffs who challenged California's decision to temporarily provide public education in an almost exclusively online format during the COVID-19 pandemic).  Likewise, Courts have found that students do not have a constitutional right not to wear a mask. *See Resurrection Sch. v. Hertel*, No. 20-2256, 2021 WL 3721475, at *17 (6th Cir. Aug 23, 2021)(holding that school mask mandates in response to the COVID-19 pandemic do not run afoul of the Fourteenth Amendment).  Based on the foregoing precedent, this Court should likewise hold that Plaintiffs' fundamental rights do not include the right to dictate CCSD's Policy and dismiss Plaintiffs' constitutional claims with prejudice.

Even if Plaintiffs could identify a fundamental constitutional right to education, Plaintiffs fail to allege how CCSD's Policy restricts education in any meaningful way or creates an "unhealthy" environment.  Personal opinions regarding the effect of masks, which are discredited with reliable sources that are publicly available (e.g. the CDC), are not factual allegations this Court is bound to

11

accept at the pleadings stage.  At most, Plaintiffs can show temporary inconveniences related to wearing a mask, which do not rise to the level of a constitutional injury.  *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 678 (9th Cir. 1988)("in cases in which privacy interests must be weighed against governmental interests, inconvenience and slight discomfort that results from attempting to accommodate both interests are not enough to establish a privacy violation).

Restrictions designed to save human lives from COVID-19 do not violate due process.  *See e.g. Disbar Corp. v. Newsom*, No. 2:20-cv-02473, *5 (E.D. Cal. Dec. 22, 2020) (denying TRO of stay-at-home provisions finding they did not trigger a due process violation because the restrictions were designed to save lives); *see Herrin v. Reeves*, 2020 WL 5748090, at *9 (N.D. Miss. Sept. 25, 2020) (upholding stay-at-home orders and stating "this court finds the notion that restrictions designed to save human lives from COVID-19 are 'conscious shocking' to be absurd and not worthy of serious discussion; *see Parker v. Wolf*, No. 20-CV-1601, 2020 WL 7295831, at *15 (M.D. Pa. Dec. 11, 2020)(finding COVID-19 mask mandate orders to be "at worst, minor and fleeting inconveniences, especially when compared to the widespread infectiousness and death Defendants credibly seek to avoid through these orders").  Accordingly, there are no allegations of a constitutional violation. Plaintiffs' First, Second and Fifth Cause of Action should be dismissed with prejudice.

**B.    CCSD's Policy Satisfies Rational Basis Review.**

As demonstrated above, CCSD's Policy does not interfere with a fundamental constitutional right; therefore, strict or heightened judicial scrutiny does not apply.  Under these circumstances, the Court evaluates the constitutionality of state actions for a rational basis, upholding the Policy if it is rationally related to a legitimate government purpose.  *See Brach*, 20-56291, at *1.  Therefore, to defeat rational basis, Plaintiffs must show that CCSD's Policy bears no rational relation to a legitimate state interest.  Plaintiffs cannot meet this burden.

In ruling on various COVID-19 related state restrictions, the Ninth Circuit has found that "abating the COVID pandemic is not only a legitimate state interest, but a compelling one" and that restrictions such as refusal to allow in-person public school instruction is rationally related to furthering that interest.  *Id*.  Likewise, the Sixth Circuit found that requiring masks in school minimizes

/ / /

12

1  the spread of COVID-19 and therefore bears some rational relation to the legitimate state interest in

2  controlling the spread of COVID-19.  *See School*, 2021 WL 3721475, at *17.

3          There is no question that CCSD has a legitimate interest in mitigating the spread of COVID-

4  19 within its schools.  Moreover, the use of masks indoors is an entirely reasonable and scientifically

5  based mitigation measure recommended by the CDC, Department of Education, and the American

6  Academy of Pediatrics.  Plaintiffs cannot credibly argue that CCSD's Policy bears no rational relation

7  to a legitimate state interest.    Therefore, Plaintiffs cannot allege CCSD's Policy violates the

8  Constitution.

9          **C.      Plaintiffs' Claim for Violation of 18 USC § 245 Fails as a Matter of Law.**

10         Plaintiffs' Fourth Cause of Action alleges that attending public school is a federally protected

11  activity that CCSD's Policy infringes upon.  (Compl., 12:22-13:4).  However, as demonstrated above,

12  individuals do not have a constitutional right to a public education nor is it a protected activity.

13  Furthermore, 18 USC § 245 is a criminal statute that does not provide a private right of action.  *Cooley*

14  *v. Keisling*, 45 F.Supp.2d 818, 820 (D. Or. 1999); *John's Insulation v. Siska Const. Co.*, 774 F. Supp.

15  156, 163 (S.D.N.Y. 1991).  Accordingly, this Court should dismiss Plaintiffs' Fourth Cause of Action

16  with prejudice.

17  **III.     PLAINTIFFS' REMAINING CLAIMS MUST BE DISMISSED.**

18         **A.      There is no Private Cause of Action under NRS 205.320**

19         Plaintiffs' Third Cause of Action alleges that Defendants committed extortion by threatening

20  to remove students from school if they did not wear a mask.  (Compl., pp. 11:21-12:5).  NRS 205.320

21  makes it a crime to "directly or indirectly threaten to injure a person or property with the intent to

22  extort or gain money or other property."  Obviously, CCSD's Policy does not meet the definition of

23  extortion for several reasons.  First, there are no allegations that CCSD received or intended to receive

24  any monetary benefit as a result of its Policy.  Second, ramifications for violating CCSD's Policy (e.g.,

25  not being allowed to attend in-person school) are not threats of personal injury or destruction of

26  property.  Third, Plaintiffs conveniently ignore that CCSD's Policy allows students who cannot safely

27  / / /

28  / / /

13

wear a mask due to a medical condition, to request an accommodation such as a plastic face shield.[33]

CCSD also permitted students to enroll in distance learning at the beginning of the school year.

Therefore, no basis exists to support Plaintiffs' extortion claim.

Moreover, Nevada's extortion statute does not expressly provide for a private cause of action, therefore, Plaintiffs' claim cannot survive dismissal. *Richardson Constr., Inc., v. Clark Cnty. Sch. District*, 156 P.3d 21, 23 (Nev. 2007) ("When a statute does not expressly provide for a private cause of action, the absence of such a provision suggests that the Legislature did not intend for the statute to be enforced through a private cause of action").  Thus, Plaintiffs' Third Cause of Action should be dismissed with prejudice.

**B.    "Failure to Respond" to Plaintiffs' Demands is not a Recognized Cause of Action.**

It appears Plaintiffs' Sixth Cause of Action seeks to impose liability on Defendants for the way they responded to letters and/or concerns voiced by Plaintiffs and other unidentified individuals during CCSD board meetings.  (Compl., 13:24-14:18).  Specifically, the Complaint alleges that Plaintiff Bonnie Taylor served Defendants with a "notice" of purported constitutional violations, that CCSD parents have voiced their disapproval at board meetings, and that the Board said it would stop the board meeting if those in attendance refused to wear a mask.  *Id*.  The allegation that CCSD did not reverse its Policy in light of these concerns does not support any recognized cause of action. Accordingly, Plaintiffs' Sixth Cause of Action must be dismissed for failure to state a claim.

**IV.    THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED.**

**A.    Claims Against the Defendants in their Official Capacities are Duplicative.**

Plaintiffs sue the Defendants in their official capacities as Superintendent and Board of Trustees (Compl., pg. 2:10-19; 4:1-26); however, these claims are subject to dismissal as redundant of claims against CCSD.  Suing an employee of the school district in their official capacity is the same, in effect, as suing the school district.  *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985) ("As long as the government entity receives notice and an opportunity to respond, an

---

[33]  Notably, Plaintiffs do not allege that any students were denied reasonable accommodations despite meeting requirements for the same.

14

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . It is not a suit against the official personally, for the real party in interest is the entity."); *J.R. v. Sylvan Union Sch. Dist.*, No. S-06-2136, 2008 WL 682595, *13 (E.D. Cal. March 10, 2008) (dismissing school superintendent sued in his official capacity, where plaintiffs had alleged same claims against school district); *see also Monell v. Department of Social Services*, 436 U.S. 658, 691, n.55, 98 S. Ct. 2018, 2036, n.55, 56 (1978) ("local government officials sued in their official capacities are 'person' under § 1983 in those cases in which . . . a local government would be suable in its own name).  Where an inclusion of a party is redundant, the party becomes an unnecessary party to the suit.  Fed. R. Civ. P. 19(a).  Thus, to the extent Plaintiffs asserts claims against both CCSD and the Individual Defendants in their official capacities, such claims are redundant and subject to dismissal.

B.      **There is no Basis to Sue Defendants in their Individual Capacities.**

Plaintiffs allege that Defendants, as CCSD's Superintendent and Board Members, are responsible for the formulation and implementation of all CCSD's policies. (Compl., pp. 3:24-4:5). The Complaint does not allege facts to suggest Defendants took any actions personally or in their individual capacities.  Therefore, such claims should be dismissed.

C.      **Defendants are Entitled to Qualified and Discretionary Act Immunity.**

Qualified immunity bars Plaintiffs' federal claims against the Individual Defendants.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985) (Qualified immunity is "immunity from suit rather than a mere defense to liability.")  It is well established that "[g]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982); *see also*, *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009).  Indeed, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986).

Here, there are no allegations of conduct by the Individual Defendants that exceed the bounds of discretionary acts.  All Plaintiffs allege is that based on their official roles as Superintendent and

/ / /

15

1  Board of Trustees, they are responsible for CCSD Policy.  (Compl., p. 4:1-5).  Indeed, there are no

2  allegations to infer that implementing a policy related to school safety is not a discretionary action.

3      Likewise, discretionary act immunity bars Plaintiffs' state law claims against the Individual

4  Defendants.  NRS 41.032(2) provides complete immunity from claims based on a state employee's

5  exercise or performance of a discretionary function or duty:

6           [N]o action may be brought under NRS 41.031 which is:

7           2.  Based upon the exercise or performance or the failure to exercise or
            perform a discretionary function or duty on the part of the State or any of its
8           agencies or political subdivisions or of any officer, employee or immune
            contractor of any of these, whether or not the discretion involved is abused.
9

10  Under the *Berkovitz-Gaubert* test, which Nevada has adopted, immunity attaches to acts that meet two

11  criteria.  First, the act must involve an element of judgment or choice.  Second, the act must involve a

12  policy decision.  The "court need not determine that a government employee made a conscious

13  decision regarding policy considerations in order to satisfy the test's second criterion."  *Martinez v.*

14  *Maruszczak*, 123 Nev. 433, 446, 168 P.3d 720, 728 (2007) (quoting *Kiehn v. United States*, 984 F.2d

15  1100, 1105 (10th Cir. 1993)).  In determining whether a discretionary act is entitled to immunity,

16  Nevada courts look to case law interpreting the Federal Tort Claims Act (FTCA), which Nevada's

17  discretionary-act immunity statute is based upon.  *See Martinez*, 123 Nev. at 444, 168 P.3d at 727-28.

18      Here, Plaintiffs' allegations clearly involve discretionary policy decisions regarding school

19  safety.  Accordingly, the Individual Defendants are shielded from tort liability under Nevada law and

20  must be dismissed.

21                              **CONCLUSION**

22      Based on the foregoing, the Defendants respectfully request this Court dismiss Plaintiffs'

23  claims against them with prejudice.

24      DATED this 13th day of December, 2021.

25                          GREENBERG TRAURIG, LLP

26                          By:  */s/Whitney Welch-Kirmse*
                                MARK E. FERRARIO (Bar No. 1625)
27                              KARA B. HENDRICKS (Bar No. 7743)
                                WHITNEY L. WELCH-KIRMSE (Bar No. 12129)
28                              *Counsel for the CCSD Defendants*

                                16

*ACTIVE 61698234v3*

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on the 13th day of December, 2021, a true and correct copy of the

3   foregoing **DEFENDANTS' MOTION TO DISMISS COMPLAINT** was filed electronically via the

4   Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's

5   EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

6

7                                                        */s/ Evelyn Escobar-Gaddi*
                                            An employee of GREENBERG TRAURIG, LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*ACTIVE 61698234v3*